Filed 2/18/16  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>DALE EUGENE JOHNSON,<br><br>　　　Defendant and Appellant. | F069412<br><br>(Super. Ct. No. F96569527-5)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Gomes, Acting P.J., Franson, J and Peña, J.

## INTRODUCTION

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing. (Pen. Code[1], § 1170.126 et seq.) If a petitioning offender satisfies the statute's eligibility criteria, they are resentenced as a second strike offender, "unless the court, in its discretion, determines that resentencing would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Following the enactment of Proposition 36, defendant Dale Eugene Johnson filed a petition for resentencing. The trial court, however, found defendant statutorily ineligible for resentencing and denied the petition. Specifically, the trial court found that defendant was armed during the commission of his commitment offense—a conviction for unlawful possession of a firearm.

On appeal, defendant contends: (1) the People failed to plead and prove the fact defendant was armed while unlawfully possessing a firearm; and (2) a conviction for unlawful possession of a firearm cannot disqualify an inmate from resentencing in the absence of an underlying felony to which the firearm possession is tethered. We affirm.

## FACTS

On June 4, 1996, defendant, a convicted felon, was being escorted from a casino by security when he raised his shirt, displayed a handgun tucked inside the waistband of his pants, and warned security not to "mess" with him. Later that same night, a casino employee observed defendant breaking into another casino employee's truck, and when he attempted to give chase, defendant attacked him. Police later apprehended defendant, and found him to be in possession of the same firearm he had displayed earlier to casino security.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

Following his arrest, a jury found defendant guilty of burglary of a motor vehicle, unlawful possession of a firearm, and assault by means of force likely to produce great bodily injury.  Defendant was sentenced as a third strike offender to a term of 25 years to life in prison.

After the passage of Proposition 36, defendant filed a petition for recall of sentence.  The trial court summarily denied defendant's petition, finding the fact that defendant was armed with a firearm during his commitment offense rendered him ineligible for resentencing.  This appeal followed.

## DISCUSSION

### I.  The People were not required to plead and prove the fact defendant was armed.

Defendant argues the trial court's denial of his petition for resentencing was erroneous, as the People failed to plead and prove the fact defendant was armed during his unlawful possession of a firearm.  We have explicitly held, however, that for resentencing purposes, "a disqualifying factor … need not be pled and proved in the sense of being specifically alleged in an accusatory pleading and expressly either found by the trier of fact … or admitted by the defendant."  (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058.)  Accordingly, we reject defendant's argument.

### II.  Unlawful possession of a firearm need not be tethered to an underlying felony.

Under Proposition 36, an inmate is not eligible for resentencing if the inmate's current conviction was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  (§ 1170.126, subd. (e)(2).)  Among the crimes covered under those clauses are any offense where the defendant, during the commission of the offense, "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."  (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).)

3

On appeal, defendant argues that, for purposes of disqualification under Proposition 36, there must be an additional, underlying felony to which the offense of unlawful firearm possession is tethered. As we noted in *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030, "[d]efendant would be correct if we were concerned with imposition of an arming *enhancement*" rather than the offense of unlawful possession of a firearm. When, as here, the issue is the offense of unlawful possession of a firearm, "the literal language of [Proposition 36] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Id*. at p. 1032.) Accordingly, there is no need for a separate, underlying felony if the record demonstrates that the defendant was armed with a firearm during the unlawful possession of that firearm.

Here, the facts clearly establish that defendant was armed with the firearm he unlawfully possessed. For the purposes of Proposition 36, a defendant is deemed "armed" if the facts of the case establish that the defendant had the firearm available for offensive or defensive use. (*People v. Osuna*, *supra*, 225 Cal.App.4th at pp. 1029-1030.) In the instant case, the facts show defendant not only possessed a handgun, but had it tucked into his waistband and displayed it in a threatening manner. Given these facts, defendant clearly had a firearm available for offensive or defensive use during his commitment offense. Therefore, no tethering offense was required, and the trial court did not err by finding defendant statutorily ineligible for resentencing.

## DISPOSITION

The order is affirmed.

4